## H. HACKFELD & CO. *vs.* E. BAL.

### IN EQUITY. BEFORE JUDD, C.J.

### SEPTEMBER, 1882.

Plaintiffs in equity seek to set aside a judgment at law against them, on the ground that an accord and satisfaction pleaded against them in the action at law was obtained by fraud:

Held, that although equity will in proper cases set aside a judgment at law, in this case the fraud could have been set up in the action at law as a part of plaintiff's case; and as this was not done, the Court sustains demurrer to the bill.

### DECISION OF JUDD, C.J.

This is a bill in equity, alleging that at the last October Term of the Supreme Court the plaintiffs brought an action against the defendants, claiming $38,881.68 on a book account, and that their declaration was afterwards amended by inserting the name of G. Armstrong as a co-defendant. That at the last January Term of this Court the jury rendered a verdict for the defendant Bal, but no answer or appearance was made for Armstrong, and no verdict or judgment rendered or made as respects him. That final judgment in favor of said Bal has been rendered, and costs taxed to the plaintiffs for $1056.07. That in the action Bal admitted the account, but claimed as his only defense that the plaintiffs had agreed to release him upon his delivering to them certain property, which defense the Supreme Court in Banco held was conclusively established by the verdict of the jury, 4 Hawn., 478. That the plaintiffs had consented to release Bal from their claim on his delivering to them certain steers, six in number, upon his representation and assurance that he owned no other property, and plaintiffs aver that at the time when they so consented they believed the assurances to be true, but afterwards ascertained that Bal was then entitled to about seventy-five head of cattle which he had bought with his own money but which he had caused to be placed in his son's name.

Wherefore the plaintiffs allege that their consent was obtained by fraud and misrepresentation, and ought not to be held binding upon them in equity. The bill prays for process of citation, for an injunction against the collection of the costs; that the verdict and judgment be vacated and set aside, and that the plaintiffs be allowed to move for judgment in their behalf and for general relief. The bill is demurred to and a plea in bar is filed setting up the judgment of the Court in the action at law.

The plaintiffs urge that no judgment for both defendants can stand on an agreement by parol to release one of them, citing 22 Pick., 308, and 1 Gray, 636, where it is held that a parol release of one joint debtor will not discharge the other from liability.

But in this case no effort is made to hold Armstrong liable. He is not a party to the bill, and the question as to whether the defense interposed by Bal inures to his benefit is not raised by the pleadings. If it were, I should be obliged to hold that an accord and satisfaction made by one joint debtor extinguishes the entire debt. The substantial ground for relief claimed in the bill is under allegations that the consent to release Bal was obtained by fraud and misrepresentation; that he had no other property than that which he had agreed to surrender, whereas he had other property. The plaintiffs do not contend that at the trial of the action of law they were ignorant of the existence of the facts as to the other property of Bal, upon which they found their allegation of fraud in procuring the consent to release. Under the recent decision of *Mills vs. Briggs,* 4 Hawn., 506, equity will relieve against a judgment at law where it is clearly against conscience that the judgment should stand. But the complaining parties must show, either that they could not have availed themselves of these facts in the trial at law, or that they have been prevented by fraud or accident from so doing, unmixed with their own negligence or fault. 2 Story, Eq. Jur., Sec. 887. Now it seems to me that the failure on the part of the plaintiffs to interpose the defense of fraud and misrepresentation in procuring the agreement to release in the

action at law, is fatal to them here. But it is said that the allegation that the obtaining of the agreement to release was by fraud, was not within the issue raised by the defense.

I think if fraud is alleged it can be proved at any stage, even if it require the issue to be raised by a replication.

In the case at law, the defendant Bal showed an accord and satisfaction, that in consideration of his receiving a release by plaintiffs of their claim against him, he would surrender all his property to them. He contended to the jury that he had made satisfaction, and the plaintiffs contended that he had not, but had kept back certain steers. It would have been quite competent for the plaintiffs to show in rebuttal, if they could, that Bal had a number of cattle held in his son's name to conceal them from his creditors, and if the jury found that this was the fact and that he had not surrendered them, it would disprove the defense of satisfaction. As I understand it, relief will only be granted in equity when the defense could not at the time, or under the circumstances, be made available at law, without any laches of the party. 2 Story Eq. Jur., §894.

Having found that the plaintiffs could have made this attack upon the defendant's defense in the law action, I think he cannot avail himself of it now.

The demurrer is sustained.

*A. S. Hartwell,* for plaintiffs.

*R. F. Bickerton,* for defendant.

Honolulu, September 11th, 1882.