## SEE HOP & CO. *vs*. W. C. PARKE, Assignee.

### IN EQUITY. BEFORE DOLE, J.

### MARCH, 1888.

A Court of Equity can only interfere with a judgment at law where the complainant has an equitable defense of which he could not avail himself at law; or had a good defense at law, of which he could not avail himself, owing to fraud or accident, without his negligence.

### DECISION OF DOLE, J.

This is a bill in equity praying for a writ of injunction to the defendant to prevent him from taking measures to collect a judgment of $236.90 entered in the case at law of W. C. Parke, Assignee in bankruptcy of Afu, vs. Ami & Y. Alau, co-partners under the name of See Hop & Company, on the 9th day of May, A.D., 1887, and for a hearing and adjudication of the plaintiffs' claim of set-off against the same. The defendant has demurred to the bill for want of equity, and *res adjudicata*.

The main points of the case are as follows: ·

Afu owed a considerable amount of money to plaintiffs, and failing to pay the same when due, a new arrangement was entered into between them on the 1st day of May, A.D., 1886, whereby the plaintiffs made an additional loan and received a mortgage of all of Afu's property, securing them for their aggregate loans and interest. On the 17th day of June, A.D., 1887, Afu paid to plaintiffs out of realizations from his store business, $236.90 on account of his said debt. On the 28th day of June, A.D., 1886, Afu was decreed a bankrupt, and the defendant was duly elected his assignee. On the 8th day of March, A.D., 1887, the defendant brought his action of assumpsit against the plaintiffs to collect the said amount of $236.90. Jury was waived by agreement of parties and the case was heard by Mr. Justice McCully upon an agreed statement of facts in which the issue was stated as follows: "The question is, Can the plaintiff recover in view of the foregoing facts, upon the pleadings herein,

or whether defendants shall take judgment upon their set-off or counter claim herein?" The claim of set-off was one of the pleadings in the case, and as computed left a balance in favor of See Hop & Company of $1072.65.

Mr. Justice McCully filed his decision on the 7th day of May, A.D., 1887, for the plaintiff in that case, W. C. Parke, assignee; and says in opening: "This case is submitted to the Court, the jury being waived, on an agreed statement of facts. Upon consideration of them, and of the records referred to, I think judgment should be for the plaintiff." (See Appendix, *Parke vs. See Hop.*)

A Court of Equity may only interfere with a judgment at law where "the complainant has an equitable defense of which he could not avail himself at law because it did not amount to a legal defense, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents." *Hendrickson vs. Hinckley,* 17 How., 443.

The plaintiffs' counsel admits that if, as a matter-of-fact and law, the claim of set-off has been adjudicated, his clients have no standing in Court. But the law of the case, as will be seen by the above statement of principles, extends farther than this.

In the former case See Hop & Company had their election to set-off their claim or bring it in a separate action, and they adopted the former method. There is nothing in the decision of that case to show whether the set-off was considered by the judge in deciding the case, except from his above-quoted remarks, that he arrived at his conclusions from a consideration of the agreed statement of facts and of the records, but it was clearly part of the issue before the Court, unless it was waived by counsel, of which there is no evidence.

The counsel for the plaintiffs urges with a good deal of force, that the circumstances of Afu's bankruptcy gives them a right to relief in equity, and refers to the case of *Hobbs vs. Duff,* 23 Cal., 596, which supported the claim of plaintiffs in that case to equitable relief, but distinctly so, as I find from the report of the

44

case, on the grounds that although the claim of set-off was made in the previous case at law, the Court excluded all evidence involving the question, and held that those matters could not be adjudicated in that action, or, as briefly stated by the decision, "when the law could not give a proper remedy, as in the case of the insolvency of one of the parties, equity will afford relief." This position is not inconsistent with the principles given above, but does not, under the circumstances of the case before the Court, support the plaintiffs' claim to relief; for in the former case at law they had their remedy under the statutes and submitted the same issue to the Court that they now ask this Court to adjudicate: that Court was qualified to decide the issue and must be supposed to have decided it, although the decision does not specially refer to it. No new circumstances have developed since that time which entitle the plaintiffs to another trial. Afu was then as now a bankrupt, and all reasons in favor of obtaining the benefit of the set-off existed as imperatively then as now.

I therefore allow defendant's demurrer.

*Ashford & Ashford,* for complainants.

*Whiting & Creighton,* for defendant.

Honolulu, March 27th, 1888.