## SAMUEL NORRIS *vs.* EMILIE DE HERBLAY.

IN EQUITY.   APPEAL FROM WHITING, JUDGE.

HEARING, JUNE 27, 1894.                    DECISION, JULY 13, 1894.

JUDD, C.J., BICKERTON, J., AND WILLIAM FOSTER, ESQ., WHO SAT IN PLACE OF FREAR, J., DISQUALIFIED.

(1) A court of equity may only interfere with a judgment at law where the complainant has an equitable defense of which he could not avail himself at law because it did not amount to a legal defense, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.

(2) In the former case the statute of limitations was pleaded to the action which was debt on a foreign judgment of a court of record. The decision of the law court was that the allegations of the complaint were satisfactorily proved and the plaintiff entitled to judgment. No express finding on the statute of limitations was asked for or made, and no exception was taken thereto. No motion in arrest of judgment was made before judgment was entered : Held, the motion in arrest could not have prevailed if seasonably made, for the record disclosed no error.

(3) It does not appear from the record whether the statute of limitations of six years was pleaded or whether the cause was taken out of the statute by some legal cause of exception.

OPINION OF THE COURT, BY JUDD, C.J.   (W. FOSTER, ESQ., DISSENTING.)

This case came on for hearing on appeal at the March Term, 1894, of this Court.   A re-argument on one point

was ordered and had at the June Term. Having duly considered the case and the decision appealed from, rendered by Circuit Judge Whiting on the 7th March, 1894, we hereby adopt the said decision as our own, and affirm the order made therein sustaining the demurrer and dissolving the injunction.

Following is the decision hereby adopted:

"The defendant demurs to plaintiff's bill of complaint and for cause says that the bill does not state such a case as would entitle the complainant to any relief in a court of equity.

"The plaintiff seeks to restrain the further enforcement of a judgment recovered by the defendant herein against the plaintiff herein in the Supreme Court of the Hawaiian Islands on August 25, 1891, on the ground that such judgment was entered by mistake of fact.

"Many cases have been cited to show the authority of a court in equity to interfere with a judgment at law, and our Supreme Court has repeatedly stated the grounds for relief.

"A court of equity may only interfere with a judgment at law where 'the complainant has an equitable defense of which he could not avail himself at law because it did not amount to a legal defense or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.'

"*See Hop vs. Parke*, 6 Haw., 688.

"*H. Hackfeld vs. Bal*, 6 Haw., 364.

"2 Story Eq. Jur., 887 ; 894.

"The sole grounds for relief in equity against a judgment of a court of law are for accident, fraud, mistake or surprise, where on account of one or more of these causes it would be against conscience to execute the judgment.

*Mills vs. Briggs*, 4 Haw., 506.

"The grounds set forth in the bill of complaint, which are alleged to show that the judgment in question was entered by mistake, are substantially those contained in and fully covered by the decision the Supreme Court in the case of *E. de*

*Herblay vs. S. Norris,* Supreme Court, H. I., Special Term, July 24, 1893.

" The elements and points raised therein on comparison, are identical with the allegations contained in this bill of complaint, and the decision covers most of the points in this present case in equity; and the Supreme Court had before it the point now raised in this bill as to the pending of exceptions, and in its decision after citing the points raised and considered, it says :

" ' The defendant took no steps to prevent the entry of judgment or to bring the case within the rule which provided for the allowance of a bill of exceptions which would prevent the entry of judgment. The bill of exceptions was not filed or allowed until August 29, 1891, four days after the entry of judgment, and so far as the record shows that no notice by defendant of any intention to prevent entry of judgment was in any way given ; no motion for a new trial nor in arrest of judgment nor the filing of a bill of exceptions was made before the entry of judgment, and the presumption is that defendant relied upon his bill of exceptions as a stay of execution merely, the effect of sustaining his exceptions being merely the vacating of the judgment.'

" Under that decision the judgment now sought to be vacated or restrained was held to be legally entered and valid.

" The question of the statute of limitations was in issue in the original case of *De Herblay vs. Norris,* the plaintiff therein specifically alleging that the New York judgment upon which the action was brought, was rendered by the Court of the city and county of New York, and that that court was a court of record, and the defendant pleaded the statute of limitations.   Mr. Justice Dole ' decided that the allegations of the (plaintiff's) complaint are satisfactorily proved, and the plaintiff is entitled to judgment.'

" Thus the statute of limitations was then in issue and decided against the defendant Norris, and no exception was taken by the defendant to this although other exceptions

were taken and put into a bill of exceptions and taken to the Supreme Court.

" I cannot regard this omission to further contest the question of the action being barred by the statute of limitations as a mistake for which equity will grant relief. Such a defense is a personal and special one and was raised in that action, and when decided against defendant it neither was appealed from nor exceptions taken to a higher court and its further consideration by a higher court not being urged was rather a matter of abandonment than mistake. The present plaintiff could have availed himself of the effect of the statute of limitations in the case at law and it does not appear in the bill that he was prevented by mistake or any other of the grounds upon which equity will relieve.

" I am of the opinion that the bill does not set forth sufficient grounds in equity to entitle the plaintiff to maintain his cause and I sustain the demurrer.

" Decree accordingly."

In addition, we observe that it does not appear to us that, if the present plaintiff had been reinstated to the position he was in on the 22nd August, 1891, when the decision of Mr. Justice Dole in the law case was filed and before judgment was entered therein, a motion in arrest of judgment would have prevailed. The declaration was in debt on a judgment of a court of record of a foreign country, and the date of the judgment was given, a date nearly twenty years before the action was begun, and the statute of limitations was pleaded. Remembering that judgment can be arrested for no other than substantial faults or defects apparent on the record either in the pleadings or the verdict of the jury, and (by parity of reasoning) in the finding of the court, jury waived, how does it appear that the record discloses error?

The plea did not indicate whether the statute of limitations of six years or that of twenty years was intended to be pleaded. But we take it that the plaintiff intended to plead the statute where the period of limitation is six years. But there might exist exceptions which would take the cause

out of the operation of the statute. These need not be pleaded in the declaration nor set up by plea to the statute. They could be made to appear by evidence. There was, therefore, no error *apparent* on the face of the record. The decision of the court upon the facts and the law, whether it found that foreign judgments of courts of record were not barred by the six years limitation, or whether it found on the evidence that the cause was taken out of the operation by some exception to the running of the statute, might be considered by the then defendant to be erroneous and the subject of exception. No exception was taken on this point. No distinct ruling was asked for so that exception could be taken. The pleadings do not disclose any defect and we therefore hold that a motion in arrest, if made seasonably, would not have availed the plaintiff.

The proper method of raising the question as to whether the judgment was barred was by exception. Not taking this course, defendant's opportunity to test this question was lost, and to allow him the opportunity now would not be in accord with the rules of equity when invoked to interfere with a judgment at law.

Authorities to sustain the view that the error complained of must be apparent on the record and not saved by any statutory exceptions or a motion in arrest will not lie, are :

*Sawyer vs. Borton,* 144 Mass., 470.

3 Blackstone Com. 393.

*Board vs. Adams,* 76 Ind., 504.

We affirm the decree sustaining the demurrer and the order dissolving the injunction.

*A. S. Hartwell* and *F. M. Hatch,* for plaintiff.

*P. Neumann* and *Carter & Carter,* for defendant.

---

### DISSENTING OPINION OF WILLIAM FOSTER, ESQ.

I respectfully dissent from the majority of the court, for the following reasons :

First.—The decision of Mr. Justice Dole, filed August 22d,

1891, made no reference to the plea of the statute of limitations, nor any finding upon that point: the question was, therefore, in my judgment, not then passed upon; nor has it since been adjudicated.

Second.—The entry of judgment on August 25th, 1891, was improper, because exceptions were pending, and because the judgment was entered in vacation in a jury waived case. Such entry was contrary to statutes and rules of court, and was not authorized by stipulation of parties.

Third.—Upon the motion in arrest of judgment, the question of the bar of the statute of limitations was properly before the court, to the same extent as upon a writ of error : in either case, the failure to allege exceptions at an earlier stage ought not to be held to waive or exclude the further remedy.

I am, therefore, of the opinion that the decision of the Circuit Judge, sustaining the demurrer, should be set aside, and the case sent back to him for hearing solely upon the question whether, at the time the original suit at law was brougt in this country, it was barred by our statute of limitations : if it was so barred, then the judgment in that case should be set aside : if it was not barred, the judgment must stand.

It is a matter of regret that final settlement of this case has been so long delayed, and it may well suggest some reforms in our procedure : but it seems to me more inequitable that this Court should now refuse to allow the question of the statute of limitations to be adjudicated, than it would be to further delay an already protracted litigation, in order that a court of equity may know whether a judgment at law ought to be enforced.