# B. F. DILLINGHAM *v.* M. F. SCOTT; KONA DEVELOP-MENT CO., LTD., AND F. B. McSTOCKER, GAR-NISHEES.

## WRIT OF ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 1, 1910.          DECIDED FEBRUARY 7, 1910.

## HARTWELL, C. J., PERRY, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF DE BOLT, J.

APPEAL AND ERROR—*rulings not reviewable on error.*

A ruling upon a motion, orally made at the first trial and based upon the evidence, for leave to amend the answer so as to plead the statute of limitations cannot be reviewed on a writ of error issued more than six months after entry of the judgment and subsequent to its reversal and a second trial, the rendition of a verdict and entry of a second judgment.

ID.—*amendment of answer and vacating of judgment.*

After a second verdict and judgment thereon, motion for a new trial and overruling of exceptions, it is too late to move for the first time for leave to amend the answer so as to plead the statute of limitations or to vacate the judgment on the ground that the cause of action is barred by the statute.

## OPINION OF THE COURT BY PERRY, J.

This action, assumpsit for $1100, was instituted on May 12, 1908. Defendant filed an answer of general denial on May 28, 1908. On October 26, 1908, judgment for the plaintiff for the amount sued for was entered, based upon a finding, jury waived, by Mr. Justice De Bolt, then circuit judge, after a full trial upon all of the issues presented. On December 9 following a motion for a new trial was denied. To review the judgment defendant sued out a writ of error upon which a decision was rendered by this court on April 21, 1909, reversing the judgment and ordering a new trial. At the second trial the jury on May 20, 1909, rendered a verdict for the plaintiff for the amount claimed, judgment being entered upon that verdict

on the day following. Early in June of 1909 defendant filed a motion for a new trial containing fourteen grounds, which motion was denied June 9. To review the second judgment and the rulings at the second trial and on the second motion for a new trial defendant's bill of exceptions was allowed June 29, 1909. These exceptions were overruled by this court on October 11. On the 18th of the same month defendant presented two motions in the circuit court, one to vacate the judgment on the ground that "the cause of action set forth in the complaint * * * is barred by the statute of limitations" and the other for leave to amend his answer so as to plead the statute of limitations. Both motions were denied and on November 17, 1909, the present writ of error was issued.

The errors assigned are the rulings at the first trial that plaintiff was not estopped to object to defendant's motion to amend the answer so as to specially plead the bar of the statute of limitations and denying that motion and the rulings subsequent to the filing of the second opinion by this court, denying the two motions above recited and holding that plaintiff was not estopped to object to each of them.

Mr. Justice De Bolt is disqualified from sitting in this matter. Aside from the fact that in defendant's brief are argued the defense of the statute of frauds, the distinction between the implied obligation of an accommodated party and an express promise to pay even though not the accommodated party and the question whether the express promise was an original or a collateral undertaking, all of which issues were to some extent involved at the first trial, the justice's rulings upon the motion for leave to amend the answer are specifically brought for review under the present writ. See *Moran* v. *Dillingham*, 174 U. S. 153, 157.

At the close of the plaintiff's case at the first trial defendant orally moved for leave to amend the answer so as to plead the statute of limitations, basing his motion upon the ground that

the evidence then before the court showed that the action was barred. After argument this motion was withdrawn. It was renewed at the close of the defendant's case and denied. Both motions were oral. The ruling cannot now be reviewed on error. More than six months have elapsed since the entry of the first judgment. Upon the reversal of that judgment the case stood as though the first trial had not been had and as though the motion had not been made or ruled upon. The defendant was at liberty at or before the second trial, to the same extent that he was at the first trial, to move for leave to amend the answer.

Assuming that the rulings of the circuit court referred to in the remaining assignments of error are properly reviewable on this writ, the rulings were not erroneous. After verdict, judgment, motion for a new trial and decision on exceptions it was too late to move for leave to amend the answer. Such motion should have been made, if at all, at or before the trial. So also of the motion to vacate the judgment. No motion for leave to amend the answer was made before or during the second trial; nor was there any motion for a nonsuit or for a directed verdict on the ground that the action was barred or any request for an instruction on the subject. No evidence was excluded because of failure to plead the statute. In short no mention was made at any time during the trial of the possible defense of the statute. The motion for a new trial and, of course, the bill of exceptions were likewise silent on the subject. The defense of the statute of limitations is a personal privilege of which the party in whose favor it operates may take advantage or not as he desires. Under the circumstances of this case the defendant must be deemed to have waived it. 13 Pl. & Pr. 180. See also *Norris* v. *D'Herblay*, 9 Haw. 514, 566. There is no claim of newly discovered evidence on the subject. The defendant was as fully cognizant at the trial as he is now of the facts bearing on the issue. The defense was not available to the defendant

at the time and in the manner in which he sought to present it in the circuit court. There must be an end to litigation at some time and the appropriate time has been reached in this case.

The orders denying the motions are affirmed.

*Kinney, Ballou, Prosser & Anderson* for plaintiff.

Defendant in person.