A. BORBA, TRADING AS THE CENTRAL STORE, *v.* DAVID KAINA, DEFENDANT, CHARLES WIL- COX, AUDITOR OF THE COUNTY OF MAUI, TER- RITORY OF HAWAII, GARNISHEE.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED AUGUST 31, 1915. DECIDED SEPTEMBER 1, 1915.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE ASHFORD IN PLACE OF WATSON, J., ABSENT.

LIMITATION OF ACTIONS—*personal privilege—waiver.*

The defense of the statute of limitations is a personal privilege which a party may exercise, or waive, but on his default the court cannot exercise the privilege for him.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff commenced an action in the district court of Wailuku against the defendant to recover an alleged indebtedness upon account for goods, wares and merchandise sold, the complaint containing two counts, the second one being for the same indebtedness upon an account stated. The plaintiff alleged in the complaint that defendant was a laborer in the employ of the County of Maui and entitled to receive his salary from Charles Wilcox, auditor of the County of Maui, and requested that the summons contain a direction to the officer serving the same to leave a true and attested copy thereof with the said Charles Wilcox, auditor of the County of Maui. The defendant being regularly summoned, failed to appear at the time fixed for hearing in the complaint, whereupon the district magistrate entered default against him. Plaintiff introduced a witness and by him proved the sale and delivery of the goods, the value of which was sought to be recovered, and that the value of same had not been paid. The witness testified that he had rendered a bill to the defendant and that there was no dispute as to the amount of the bill. The district magistrate rendered judgment of nonsuit in favor of the defendant, holding that it was

necessary for the plaintiff to prove that the debt was incurred within the statutory period of limitation. From that judgment the plaintiff has appealed to this court upon points of law stated in the notice and certificate of appeal as follows: "1. That the court erred in rendering judgment for the defendant. 2. That the court erred in holding that it was necessary for the plaintiff to prove the goods sold and delivered were sold and delivered in less than six years before suit was instituted."

The district magistrate was clearly in error in rendering judgment for the defendant. "The defense of the statute of limitations is a personal privilege of which the party in whose favor it operates may take advantage or not as he desires" (*Dillingham* v. *Scott,* 20 Haw. 4, 6). If it be a fact that the said goods were sold more than six years prior to the institution of the action the defendant should have appeared and availed himself of the statute by asserting a defense thereunder. Failing to do this, the court should not have made the defense for him.

This court reluctantly feels under the necessity of referring to certain charges made in the brief of appellant against the integrity of the magistrate. Examination of the record does not show culpable conduct on the part of the district magistrate but does show an erroneous ruling by him. Personalities,—charges which impugn the integrity of a judge trying a case, couched in language tantamount to a charge of corruption on the part of the judge, cannot be tolerated in briefs filed by counsel. We feel compelled to condemn such practice and trust that we will not have occasion again to refer to a matter of this kind.

The judgment is reversed with cost of appeal to appellant and the cause is remanded to the district court with directions to enter a judgment in favor of the plaintiff for the sum of $13 with attorney's commissions and cost of the action incurred in the district court.

*E. Murphy* for plaintiff.

No appearance for defendant.