## FUKUI OTOKICHI *v.* NAKAMURA SEKIJIRO, DEFENDANT, FIRST BANK OF HILO, LIMITED, GARNISHEE.

## No. 915.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

HON. C. F. PARSONS, JUDGE.

SUBMITTED MARCH 28, 1916.          DECIDED APRIL 11, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PLEADING—*demurrer—statute of limitations.*

In an action at law where the complaint shows on its face that the cause of action is barred by the statute of limitations the

Opinion of the Court.

bar of the statute may be pleaded by demurrer, in which case the demurrer should be sustained.

LIMITATION OF ACTIONS—*directed verdict.*

> The plaintiff's complaint showed *prima facie* that the cause of action sued on was barred by the statute of limitations; a demurrer to the complaint on that ground was overruled; the defendant pleaded the general issue, and, no rule of court requiring him to plead the statute, gave notice in his answer that he would rely on the bar of the statute as a defense; plaintiff at the trial introduced evidence proving his case as alleged but offered no evidence tending to prove any fact taking the case out of the operation of the statute:   Held, that the trial court properly directed the jury to find a verdict for the defendant.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff in error commenced this action in assumpsit in the circuit court of the fourth circuit June 28, 1915, to recover upon a promissory note executed to him December 23, 1903, by the defendant for $200 due May 26, 1904, with interest from date, alleging that said note "together with interest, is due, owing and wholly unpaid." The complaint contained no allegation of acknowledgment by partial payment or otherwise or of any new promise to pay the debt made within six years prior to the commencement of the action. Nor did the complaint allege any fact showing that the operation of the statute had been suspended or the bar thereof removed. To the complaint defendant demurred upon the ground that "said declaration does not state a cause of action in favor of plaintiff and against defendant for the reason that it shows upon its face the note therein sued upon is barred by the statute of limitations." The plaintiff moved to strike the demurrer from the files, which motion was denied. The circuit court overruled the demurrer and the defendant filed his answer of general denial, giving notice therein that he would rely, among other defenses, at the trial, upon the statute of

limitations. The cause was tried before the court and a jury, the plaintiff proving the note as alleged and that no part thereof had been paid to him. Thereupon the defendant moved for a directed verdict upon the ground that the note was barred by the statute of limitations and the plaintiff had offered no evidence showing a removal of the bar of the statute, which motion was granted, and the jury, under the direction of the court, found in favor of the defendant. To review the judgment entered on the said verdict the plaintiff has sued out a writ of error in this court. The plaintiff assigns four errors, the first three of which challenge the action of the trial court in directing a verdict in favor of the defendant, the verdict and judgment thereon, all of which will be treated generally. The last error assigned challenges the correctness of an item in defendant's cost bill which was taxed and is a part of the judgment.

The first three errors assigned are based upon the idea that the defendant did not plead the bar of the statute of limitations, for which reason he should have been held to have waived the same, and plaintiff was entitled to a verdict and judgment on the evidence proving the allegations of his complaint. The trial court should have sustained the demurrer, the complaint showing on its face that the cause of action was barred by the statute of limitations. This case comes within the rule laid down in *Silverhorn* v. *Ins. Co., ante* 160, so far as the procedure is concerned. In the *Silverhorn* case we held that the common law rule requiring the defense of the statute of limitations to be pleaded by special plea in bar had been changed by our civil procedure act, under which the bar of limitations may be pleaded in a demurrer when the allegations of the complaint show on its face that the action is barred. We there held that the demurrer setting up the defense of limitations is, under our civil procedure act, tantamount to a

special plea. This case arose in the first judicial circuit in which there is a rule of court requiring that "in personal actions the statute of limitations shall be specially pleaded." Under our civil procedure act (Ch. 137, R. L.) issues of law are raised by demurrer and issues of fact by denial (Sec. 2360). Whether or not the declaration shows that the cause of action is barred by the statute of limitations is a question of law, and under the wording of the statute mentioned may be presented by demurrer, and when so presented is pleaded by the defendant and not waived by him. In *Harris* v. *Clark,* 18 Haw. 569, this court strongly inclines to the view that the statute of limitations is prohibitive, or, at least, so favored that in order to remove the bar of the statute it must be shown by unequivocal evidence either that an express promise or an unqualified and direct admission of debt, which the party is liable and willing to pay without accompanying circumstances which repel the presumption, in order to bind the defendant where the statutory time for bringing the action has elapsed. The practice relating to the defense here involved has been adverted to in former decisions of this court to which we now refer.

In *Pahia* v. *Maguil,* 11 Haw. 530, the court held that the statute of limitations must be pleaded where a rule of court so requires. We so held in *Kapela* v. *Gilliland,* 22 Haw. 655, where the defense of limitations was attempted to be raised by motion for nonsuit in the first instance. The defense is a personal one and if not relied on will be considered waived (*Norris* v. *deHerblay,* 9 Haw. 514, 566; *Dillingham* v. *Scott,* 20 Haw. 4; *Borba* v. *Kaina,* 22 Haw. 721).

In the case at bar the defendant did not waive the bar of the statute but relied upon it; he pleaded it in his demurrer and gave notice in his answer that he would rely upon the bar of the statute as a defense. No formal or

technical plea of the bar of the statute being required under our civil procedure act, as was required at common law, there is no basis for the claim that the defendant waived the bar of the statute. The rules of the fourth circuit court do not require a plea of the statute, but provide (Rule VII) that if a party attempts to make proof of limitations "without having first pleaded such defense with sufficient particularity to inform the opposite party of the facts relied upon, the said opposite party may in the discretion of the court or judge or upon motion supported by affidavit of surprise, obtain from the court, for the purpose of obtaining further evidence, an order continuing the cause to such time as the court may deem reasonable." No surprise was sprung on the plaintiff in the case at bar. The bar of the statute had been pleaded in the demurrer, and notice given in the answer that it would be relied on. Hence there is no basis for a contention that the defense of the bar of the statute had been waived by the defendant. It is admitted that under the authorities, when the statute of limitations is pleaded by the defendant as a defense, that the burden is upon the plaintiff to reply and to prove that his case, if *prima facie* barred, comes within one of the exceptions taking the case out of the statute.

It is also argued that by pleading the bar of the statute in a demurrer the plaintiff is deprived of the opportunity of replying and showing that his cause of action is taken out of the statute by disability, absence, acknowledgment of the debt as a subsisting obligation, or by a new promise to pay the debt within the time, the running of which would otherwise bar the action. Reflection will show that there is nothing in this contention. Take the case at bar. The allegations of the complaint show *prima facie* that the cause of action was barred by the statute before the action was commenced. The defendant objected to the complaint on this ground, in other words, he pleaded the bar of the

statute in his demurrer. If the trial court had sustained the demurrer, as it should have done, the plaintiff, if he could, would have been allowed to amend his complaint and allege facts that take his case out of the statute, and at the trial would have had the opportunity of proving the facts showing the removal or suspension of the statute. The plaintiff could not be prejudiced by such a course. He is here complaining, not that the bar of the statute has not been pleaded, but that it has not been pleaded in a certain way. Our civil procedure act was adopted for the purpose of dispensing with the technical common law pleadings, for the purpose of simplifying pleadings and facilitating the making of issues of law and of fact in law actions, and providing (R. L. Sec. 2369) that under the general issue "the defendant may give in evidence, as a defense to any civil action, any matter of law or fact whatever." Under our statute of amendments and jeofails (R. L. Sec. 2371) the contention that by pleading the bar of the statute in a demurrer deprives the plaintiff of the opportunity to reply and to show special facts removing or suspending the running of the bar of the statute is without merit. The contention of plaintiff that having proven the allegations of his complaint, and the defendant having failed to introduce evidence showing that the cause of action was barred, entitled the plaintiff to a judgment without a showing by him of any special fact taking the case out of the operation of the statute, is without merit and presupposes that the defendant should establish by evidence the nonexistence of special facts, the burden of proving which rests upon the plaintiff in the first instance. It was not the duty of the defendant to establish a negative or negatives. The evidence of the plaintiff established that more than six years had elapsed after the maturity of the note sued on before the commencement of the action; it showed that none of the principal or interest had been paid, establishing, infer-

entially, that no acknowledgment of the debt as a subsisting liability by partial payment had been made. The plaintiff being the original payee and the defendant the original payor, no presumption of disability arises, and if any presumption is indulged it should be against disability under such circumstances. Apparently, by the evidence and showing of the plaintiff, the bar of the statute had fully run prior to the commencement of the action, hence, having relied upon the defense of the bar of the statute, the defendant was not called on· to offer any evidence. There was nothing for him to rebut, hence there was no error in directing the jury to find for the defendant.

The fifth assignment of error is not mentioned in the brief of plaintiff in error, has not been argued by brief or otherwise, for which reason we do not consider it, but regard it as abandoned by the plaintiff in error. ·

The judgment is affirmed with costs to the defendant in error.

*W. H. Smith* for plaintiff in error.

*W. S. Wise* and *H. L. Ross* for defendant in error.

### CONCURRING OPINION OF WATSON, J.

I concur in the conclusion that the judgment herein must be affirmed. The rules of the fourth circuit court, unlike those in force in the first circuit, do not require that the statute of limitations shall be specially pleaded (see my concurring opinion in *Silverhorn* v. *Ins. Co., ante* 167), and in my opinion an answer of general denial, accompanied by notice that defendant intended to rely upon the bar of the statute of limitations as a defense, was sufficient, under the prevailing rule in the fourth circuit, to cast upon the plaintiff the burden of proving that his case, which by his own showing was *prima facie* barred, was within one of the exceptions taking it out of the statute (*Dielmann* v. *Citizens' Nat. Bank,* 8 S. D. 263, 66 N. W. 311). .