CITY COLLECTORS, LTD. *v.* EVELYN MOKU, AKA
EVELYN L. K. MOKU AND LIBERTY BANK OF
HONOLULU AND PACIFIC LAUNDRY CO., LTD.

No. 4665.

MARCH 18, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY ABE, J.

This is an appeal on points of law from a decision of a magistrate of the District Court of Honolulu.

The record shows that Reliable Collection Agency, Ltd., hereinafter called "Reliable", obtained judgment in the District Court of Honolulu against defendant Moku on September 9, 1958. Thereafter, Reliable had a garnishee order served on Pacific Laundry Company, Ltd., hereinafter called "Pacific", and Pacific has been withholding moneys from defendant Moku's wages. The full amount of the judgment has not yet been paid.

On January 3, 1966, City Collectors, Ltd., hereinafter called "City Collectors", obtained a judgment in the District Court of Honolulu against defendant Moku and had a garnishee order issued and served on Pacific.

Upon the failure of Pacific to make payment on the garnishee order, City Collectors obtained an order directing Pacific to show cause why execution should not be issued against it for the unpaid balance of the judgment for its failure, refusal or

neglect to comply with the garnishee order. Reliable intervened.

At the hearing on the order to show cause, Pacific explained that it had not paid on the City Collectors judgment against defendant Moku under the garnishee order because of prior judgments against defendant Moku and garnishee orders issued thereon to Pacific.

After the hearing, the District Court of Honolulu rendered a decision and order discharging Pacific as to all garnishment orders based on judgments rendered more than six years prior to the date of hearing.

The basis for the court's decision was that § 241-1 (b), Revised Laws of Hawaii 1955, bars action on judgments rendered by courts not of record after six years and therefore garnishment orders which had been issued on judgments rendered more than six years prior to the date of the decision also expired.

The defense of the statute of limitations is a personal defense and the defendant alone may exercise or waive the same. As stated in *Borba* v. *Kaina*, 22 Haw. 721 (1915), the defense of the statute of limitations may not be invoked on behalf of a defendant by the court.

Neither the district court nor City Collectors may invoke the defense of the statute of limitations on behalf of the defendant to avoid the judgments and garnishee orders which were outstanding against defendant Moku and garnishee Pacific. The order to show cause should have been dismissed.

Reversed and remanded.

*Ronald J. Endrizal* (*Hoddick, Rothwell* and *Chang* of counsel) for intervenor-appellant.
*Samuel Landau* for plaintiff-appellee.