**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000465
23-JUN-2023
07:47 AM
Dkt. 28 SO**

NO. CAAP-22-0000465

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SACOR FINANCIAL, INC., Plaintiff-Appellant,
v.
RICHARD B. NALUAI, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KO'OLAUPOKO DIVISION
(CIVIL NO. 1RC111012229)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant **Sacor** Financial, Inc. appeals from the **Order** denying its motion for extension of judgment, entered by the District Court of the First Circuit, Ko'olaupoko Division, on June 29, 2022.[1] For the reasons explained below, we vacate the Order and remand for further proceedings.

Sacor filed a complaint against Defendant-Appellee Richard B. **Naluai** in the district court on December 30, 2011, for money owed. Naluai was served on January 25, 2012. He admitted the debt. A judgment against him was entered on March 5, 2012. An amended judgment was entered on June 7, 2012.

---

[1] Sacor's opening brief identifies the Honorable Karin L. Holma as the judge who entered the Order, but we are unable to verify this from the record on appeal.

On June 16, 2022, Sacor filed a motion for extension of judgment pursuant to Hawaii Revised Statutes (**HRS**) § 657-5. Sacor served its motion upon Naluai by mail.  Naluai didn't respond to the motion.  The district court denied the motion as "Untimely[.]"  This appeal followed.

Sacor raises two points of error: (1) "The district court erred when it denied the Motion for Extension for finding that it was untimely"; and (2) "The district court erred when it raised the statute of limitations defense sua sponte on behalf of Mr. Naluai."  Naluai didn't file an answering brief.  Sacor's second point of error is dispositive.

HRS § 657-5 (2016) provides, in relevant part:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. . . . ***No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered***.

(Emphasis added.)  "HRS § 657-5 is a statute of limitations for actions to enforce domestic judgments, and it includes a deadline for seeking to extend the time period to enforce the judgment." United Public Workers Local 646 v. Houghton, 139 Hawaiʻi 138, 142, 384 P.3d 914, 918 (App. 2016) (citing Est. of Roxas v. Marcos, 121 Hawaiʻi 59, 66, 214 P.3d 598, 605 (2009)).

The supreme court has held:

> The defense of the statute of limitations is a personal defense and the defendant alone may exercise or waive the same.  As stated in Borba v. Kaina, 22 Haw. 721 (1915), the defense of the statute of limitations may not be invoked on behalf of the defendant by the court.

City Collectors, Ltd. v. Moku, 50 Haw. 273, 274, 439 P.2d 217, 218 (1968).  In this case, the district court erred by sua sponte invoking the statute of limitations defense on behalf of Naluai.

2

For the foregoing reasons, we vacate the district court's June 29, 2022 Order, and remand to the district court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, June 23, 2023.

On the briefs:

Lester K. M. Leu,
Daniel K. Kikawa,
for Plaintiff-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge