Mariano AZADA and Carmen Azada, Plaintiffs,

v.

Roger CARSON, Defendant.

Civ. No. 2479.

United States District Court
D. Hawaii.

April 26, 1966.

A. Singleton Cagle, Honolulu, Hawaii, Smith, Wild, Beebe & Cades, Honolulu, Hawaii, of counsel, for defendant.

Donald S. Nishimura, Honolulu, Hawaii, for plaintiffs.

TAVARES, District Judge.

On October 12, 1963, plaintiff Mariano Azada was driving a car which collided with a car driven by defendant Roger Carson. Plaintiff and his wife filed suit for personal injuries three days before the running of the two-year statute of limitations.

Defendant was not served with process until nearly three months after the complaint was filed; thus the counterclaim later filed by the defendant was filed more than two years following the date of the collision. Plaintiffs move to d's-miss the counterclaim on the ground that .it was filed after the statute of limitations had become a bar.

 Jurisdiction here is based upon diversity of citizenship, and therefore this Court must apply Hawaii law. However, no Hawaii statute nor reported decision had been found that disposes of the question here.

Authorities outside of Hawaii are divided on the question. 54 C.J.S. Limitations of Actions § 285, pp. 342–343, reports:

> "There is a conflict of opinion as to when a claim interposed as a set-off or counterclaim becomes barred by the statute of limitations. The weight of authority supports the rule, said to be the better rule, that, where defendant's claim, asserted in a set-off or counterclaim, was an existing debt not barred by the statute of limitations at the time plaintiff's action was begun, it will be a valid set-off or counterclaim, although the statutory period may have elapsed before the filing of the answer setting it up, provided, under some of the statutes, the counterclaim arose out of the same transaction as gave rise to the main action."

Plaintiff argues that most of the cases allowing a counterclaim, if it was not barred at the time the action was begun, involved contracts and not torts. But there seems to be no logical reason for making such a distinction. The same considerations of fair play and justice apply, whether the action is based upon contract or tort.

 Statutes of limitation are statutes of repose—they are designed to bar stale claims. Where, as in this case, the counterclaim arises from the same incident as the complaint, the counterclaim is no more stale than the complaint.

Simple justice dictates that if the plaintiffs are given an opportunity to present a claim for relief based upon a particular automobile collision, the defendant should not be prevented from doing so by a mere technicality.

Without meaning to suggest in any way that the instant suit involves frivolous claims, the rule adopted by this Court will also have the beneficial effect of tending to discourage the filing of frivolous claims just before the running of the statute of limitations.

Therefore plaintiffs' motion to dismiss the counterclaim is hereby denied.