MAUIAN HOTEL, INC., ET AL., *v.* MAUI PINEAPPLE CO., LTD., *v.* AUSTIN, SMITH & ASSOCIATES, INC. AND NAPILI-KAI, LTD.

No. 4950.

FEBRUARY 22, 1971.

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., AND CIRCUIT JUDGE HAWKINS IN PLACE OF MARUMOTO, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

This is a claim for recovery of property damages allegedly caused by the overflowing and bursting of a dam located on the property of the Maui Pineapple Company, Ltd. Initially, the Mauian Hotel, Inc., and approximately twenty others instituted action against Maui Pineapple who in turn moved to bring in two third-party defendants, Austin, Smith & Associates, Inc., and Napili-Kai, Ltd. The third-party plaintiff (Maui Pineapple) contends that Austin-Smith, at the request of Napili-Kai, designed the dam and if there is any liability to plaintiffs arising out of the incident it was caused by the negligence of Austin-Smith and Napili-Kai. At this point Napili-Kai, among other things, filed a cross-claim against Austin-Smith alleging that any failure of the dam was the result of Austin-Smith's negligence. Therefore, if Napili-Kai is found liable for claims it should have judgment against Austin-Smith.

After these initial pleadings Napili-Kai received insurance payments of $28,291.27 from its insurance carrier for damages to its own property allegedly caused by the

dam bursting. After paying the above amount the insurance carrier, by contract, became subrogated to any claim Napili-Kai may have against a possible tortfeasor. On February 26, 1969 the insurance carrier, in the name of Napili-Kai, secured a court-approved stipulation from Austin-Smith and other necessary parties allowing it to amend Napili-Kai's original answer to include a claim against, among others, Austin-Smith. Thereafter on April 10, 1969, it filed the amendments claiming relief of $28,291.27. In response, Austin-Smith asserted the statute of limitations as an affirmative defense and moved for a summary judgment. The motion was granted and Napili-Kai appealed.

## I.

The Hawaii statute of limitations covering this situation requires an action to be instituted within two years after the claim accrued.[1] There is no argument that the subsequent claim was *filed* after two years had elapsed. However, the appellant argues that pursuant to H.R.C.P. Rule 15(c) the subsequent claim *should relate back in time to the date of Napili-Kai's original pleading* and therefore should not be barred. Rule 15(c) provides that:

"Whenever the claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In other words under Rule 15(c) claims asserted after the statute has run will not be barred if they arose out of a timely pleaded factual situation.

The reasoning behind this exception is clear. The stat-

---

[1] HRS § 657-7 provides that:
"Actions for the recovery of compensation for damages or injury to * * * property shall be instituted within two years after the cause of action accrued, and not after * * * ."

ute requires the timely notice of claims by way of formal pleadings.[2] This in turn precludes stale claims where the other party must gather evidence after time has dissipated memories, documents and real evidence. *Basque* v. *Yuk Lin Liau,* 50 Haw. 397, 441 P.2d 636 (1968); *Yoshizaki* v. *Hilo Hospital,* 50 Haw. 150, 433 P.2d 220 (1967); *Comment, Developments in the Law: Statute of Limitations,* 63 Harv. L. Rev. 1177, 1185 (1950). With this in mind Rule 15(c) contemplates that once a party has been properly put on notice regarding what evidence to gather the statute is satisfied, regardless of when the claim itself is asserted.[3]

Apparently the parties felt that proper notice is not the only requirement of Rule 15(c) for in discussing the applicability to Napili Kai's subsequent claim they spilled considerable ink discussing the insurance carrier's status as the real party in interest. Austin-Smith argues that even though Napili-Kai is the nominal party in both the original and the subsequent claims, only in the *former* is it the real party in interest. It is correct that by its original answer to the third-party complaint Napili-Kai sought to relieve itself from liability to the plaintiff Mauian Hotel for the damages suffered by the latter from flooding caused by the bursting of the dam. Thus, under that claim Napili-

[2] *E.g.,* Philips v. A.E.C., 316 F.2d 401 (D.C. Cir. 1963); United States v. Fireman's Fund Ins., 191 F. Supp. 317 (N.D. Idaho 1961); 3 J. Moore, Federal Practice, ¶15.15 [2] at 1021 (2d ed. 1968). Thus, contrary to what Napili-Kai asserts, informal notification, *i.e.,* by any means other than by pleadings, is not sufficient.

[3] Williams v. United States, 405 F.2d 234 (5th Cir. 1968); Rural Fire Protection Co. v. Hepp, 366 F.2d 355 (9th Cir. 1966).

Discussing the language of Rule 15(c) one legal scholar explains that: "Through the original pleading the opponent knows that judicial relief is sought arising from the general factual situation being alleged, and he is put on notice that his evidence concerning it should be collected and preserved." Tate, Amendment of Pleadings in Louisiana, 43 Tulane L. Rev. 211, 233 (1969).

Since the Federal Rules of Civil Procedure contain the identical language in their Rule 15(c), federal court decisions in this area prove helpful.

Kai was both the nominal and real party in interest. In the subsequent claim it asserted *its own property damages* as a claim. However, as it had received insurance compensation for such damages, Napili-Kai was merely a nominal party and the insurance carrier was the real party in interest.[4] But such a distinction cannot determine whether the claim can relate back. It could only do so if we were to adopt the position that a new party cannot relate back a claim. Austin-Smith assuming that position then argues that neither should a new party in interest be allowed to relate back a claim. But the premise is incorrect. Rule 15(c) only requires proper notice of the subsequent claim by way of the originally pleaded factual event. Thus, if the original claim alleged facts which gave proper notice of the subsequent claim, it would relate back regardless of whether the subsequent claim was filed by Napili-Kai as nominal party or by the insurance company, the subrogee, as party by substitution. *Link Aviation, Inc.* v. *Downs,* 325 F.2d 613 (D.C. Cir. 1963) ; *Kansas Elec. Power Co.* v. *Janis,* 194 F.2d 942 (10th Cir. 1952).

The insurance carrier also argues that the amended claim is, in reality, a counterclaim. It vigorously argues this point because of its assumption that: "the institution of suit by plaintiff stops the running of the Statute of Limitations against a counterclaim asserted by the defendant." But, again, nothing in 15(c) suggests such a rule. Instead, counterclaims, as with all other claims, will relate back only if they arose out of a situation previously described in timely pleadings.[5]

This brings into focus the fundamental issue of this

---

[4] Unlike the Federal Rule, under H.R.C.P. Rule 17(a) (2), a subrogee may bring its claim under the subrogor's name.

[5] *Compare* Keckley v. Payton, 157 F. Supp. 820 (N.D. W. Va. 1958) (counterclaim barred) *and* Cold Metal Process Co. v. E. W. Bliss Co., 285 F.2d 231 (6th Cir. 1960) (counterclaim not barred). Often courts will reach the result similar to that dictated by 15(c) by analyzing whether the counterclaim is for *recoupment, set-off,* or an *independent*

appeal: Did Napili-Kai's subsequent claim arise out of the occurrence originally described? Though referring to the earlier pleadings alleging that Austin-Smith negligently designed the dam and that such dam burst, the subsequent amendment also contained additional *allegations of fact* to support its claim for the $28,291. These relate to Napili-Kai's property damage. Thus, the issue further narrows down to whether such an allegation of damage alters the fact situation to such an extent that the subsequent claim arises not out of the original occurrence but instead out of another. The policy behind Rule 15(c) requiring the claim to arise out of the same occurrence proves helpful in resolving such questions. Rule 15(c) assumes that pleading the occurrence will properly notify the other party of what evidence to gather. This in turn satisfies the statute of limitations. Thus, under 15(c) any amendment requiring additional evidentiary proof which was not reasonably foreseeable from the earlier pleadings should be deemed to contain a new occurrence.[6] If the rule were otherwise, parties may have to gather the evidence after it has dissipated and, as indicated earlier, this would directly contravene the purpose of the statute.

Applying this test to the present case we find the subsequent claim arises out of a new occurrence and not the one originally described. The allegation of injury to the Napili-Kai Hotel raises numerous possible evidentiary questions. For example, whether the hotel was and to what extent was it damaged; the causal links between the

---

*claim.* See 3 J. Moore, Federal Practice ¶13.11 (2d ed. 1968) for an extended discussion and collected cases. However, the residual use of outmoded common law concepts or other ancillary tests generally prove fruitless since these other approaches generally add little, if anything, to the ultimate determination of whether the claim should relate back under 15(c).

[6] Many cases contain similar tests, though somewhat differently stated. *E.g.*, Kansas Gas & Electric Co. v. Evans, 100 F.2d 549 (10th Cir. 1938).

alleged damages and the dam bursting; and whether Napili-Kai took any steps to mitigate damages. On none of these questions did the earlier pleadings put Austin-Smith on notice to gather any needed evidence since nothing in the original pleadings even hinted at the subsequently alleged damage to Napili-Kai's property. Thus, we hold that the subsequent claim does not relate back under Rule 15(c).

## II.

A stipulation signed by the parties, approved by the trial court and filed on February 26, 1969 (about three weeks before the running of the statute of limitations for the claim alleged in the cross claim) provided that Napili-Kai "be and is hereby allowed to amend the answer to include a cross claim against * * * third-party defendant, Austin, Smith and Associates, Inc."

The stipulation clearly shows that Napili-Kai gave notice to Austin-Smith of its claim and informed the latter that such claim would be asserted against it as a cross claim. On the other hand, Austin-Smith agreed that such claim may be made against it in the form of an amendment to Napili-Kai's original answer to the third-party complaint.

It is general law that the statute of limitations is a personal defense and a person may waive the benefits of such statute. *City Collectors, Ltd.* v. *Moku*, 50 Haw. 273, 439 P.2d 217 (1968); *Borba* v. *Kaina*, 22 Haw. 721 (1915). Thus, there is no question that Austin-Smith could have waived the defense of the statute of limitations. It is also correct that the stipulation contains no express promise by Austin-Smith not to plead the statute of limitations to this action.

However, under the stipulation it was reasonable for Napili-Kai to have assumed that Austin-Smith was thereby

waiving the requirement of having the claim filed within the statute of limitations. It appears that in reliance on the stipulation Napili-Kai did not file a cross claim in the form of an amendment to its answer until the statute of limitations had run.

As stated by the New Jersey court in *Howard* v. *West Jersey & Seashore Railroad*, 102 N.J. Eq. 517, 520-521, 141 A. 755, 757 (1928):

> "[T]he statute of limitations is for the benefit of individuals, and not to secure general objects of policy; hence it may be waived by express contract or by necessary implication, or its benefits may be lost by conduct invoking the established principles of estoppel in pais. * * * Also it should be noted that, while the doctrine of estoppel in pais rests upon the ground of fraud, it is not essential that the representations or conduct giving rise to its application should be fraudulent in the strictly legal significance of that term, or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect; fraud, in the sense of a court of equity, properly including all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another."

See also, *McLearn* v. *Hill*, 276 Mass. 519, 177 N.E. 617 (1931); *Schroeder* v. *Young*, 161 U.S. 334, 344 (1896).

In *Hornblower* v. *George Washington University*, 31 App. D.C. 64, 75 (1908), the court said:

> "We think it is a well-settled principle that a defendant

cannot avail himself of the bar of the statute of limitations, if it appears that he has done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run against him."

This stipulation lulled Napili-Kai into not filing its claim either as an amendment or as an independent action before the statute of limitations had run. Under the circumstances, we believe that it would be unfair, unjust and inequitable to permit Austin-Smith to plead the statute of limitations as a bar to the claim. Therefore, we hold that since Austin-Smith, by the stipulation, may have contributed to Napili-Kai's failure to file the cross claim within the period of the statute of limitations it is estopped from pleading the statute as a defense.

Reversed and remanded for further proceedings.

*James E. Duffy, Jr.* (*Michael T. I. Kim* with him on the briefs, *Cobb & Gould* of counsel), for third-party defendant-appellant Napili-Kai, Ltd.

*Anthony Y. K. Kim* (*Henshaw, Conroy & Hamilton*) for third-party defendant-appellee Austin, Smith & Associates, Inc.