OAHU GAS SERVICE, INC., Plaintiff,

v.

PACIFIC RESOURCES, INC., and Gasco, Inc., Defendants.

Civ. No. 77-0444.

United States District Court, D. Hawaii.

Aug. 2, 1979.

Tom C. Ingledue, A. Bernard Bays, Ke-Ching Ning, Carlsmith, Carlsmith, Wichman & Case, Honolulu, Hawaii, for plaintiff.

John E. Sparks, William S. Boyd, G. Stewart Stone, Jr., William J. Taylor, Brobeck, Phleger & Harrison, San Francisco, Cal., John A. Hoskins, John Francis Perkin, Hoddick Reinwald, O'Connor & Marrack, Honolulu, Hawaii, for defendants.

DECISION AND ORDER

SAMUEL P. KING, Chief Judge.

On November 4, 1977, plaintiff Oahu Gas Service, Inc. (OGS) filed a Complaint alleging that defendant Gasco, under the direction and control of defendant Pacific Resources, Inc. (PRI), had violated various provisions of the federal and state antitrust laws in the marketing of propane statewide and on the island of Oahu.* On December 13, 1978, OGS filed a First Amended Complaint which repeated the counts of the original Complaint and pleaded with specificity a fraudulent concealment claim.

On February 9, 1979, PRI and Gasco filed their Answer to First Amended Complaint and Counterclaims. In counterclaims I, II and III, defendants allege that beginning at an unknown date, OGS, in conspiracy with others, has engaged in continuing violations of section 1 of the Sherman Act, 15 U.S.C. § 1 (1973) and sections 480–2 and 480–4 of the Hawaii Revised Statutes.[1]

OGS thereupon filed a Motion to Dismiss from those counterclaims all allegations of

---

\* The background of this case may be found in an earlier decision of this Court reported at 460 F.Supp. 1359 (D.Haw.1978).

1. The three counterclaims are all based on the same factual situation.

Defendants' fourth and last counterclaim, which OGS does not seek to dismiss, alleges that OGS violated the provisions of the Mandatory Petroleum Allocation Regulations, 10 C.F.R. § 211 (1978), issued pursuant to section 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754(a)(1) (1976).

overt acts occurring before February 9, 1975, on the grounds that claims arising from those acts are barred by the four-year statute of limitations applicable to federal and state antitrust claims. 15 U.S.C. § 15b; Haw.Rev.Stat. § 480–24. In a Stipulation signed by counsel for both sides, the parties agreed that defendants would not seek recovery under the counterclaims for damages accrued prior to the applicable statute of limitations period "as shall be determined by the Court."[2]

The question left for me to decide is whether, as defendants contend, the filing of the complaint tolls the statute of limitations governing their counterclaims, thus permitting them to recover damages accrued after November 3, 1973, or whether, as plaintiff contends, the statute of limitations is not tolled, thus limiting their potential recovery to damages accrued after February 8, 1975. Rule 13 of the Federal Rules of Civil Procedure, which governs the filing of counterclaims, is silent on the issue.

■ Hawaii law determines whether defendants' state counterclaims will relate back, for statute of limitations purposes, to the date of filing of the complaint.[3] Defendants rely on the case of *Azada v. Carson,* 252 F.Supp. 988 (D.Haw.1966), a diversity action arising from an automobile collision in which the court, finding no Hawaii authority on point, held that a compulsory counterclaim filed after the limitations period had run was not time-barred because it arose from the same incident as the timely complaint.

Plaintiff argues that the instant case is controlled instead by *Mauian Hotel v. Maui Pineapple Company,* 52 Haw. 563, 481 P.2d 310 (1971), in which the Hawaii Supreme Court recognized the rule that "counterclaims, . . . will relate back only if they arose out of a situation previously described in timely pleadings," *id.* at 567, 481 P.2d at 313–314, but refused to allow the relation back of a subrogating insurance carrier's untimely claim because it contained additional factual allegations requiring evidentiary proof "not reasonably foreseeable from the earlier pleadings" and therefore, arose out of a "new occurrence." *Id.* at 568, 481 P.2d at 314.[4] Plaintiff argues that allegations contained in the state counterclaims describe a new factual situation because they focus on the conduct of a present officer of OGS occurring several years before the formation of OGS and before plaintiff's claims arose.

While it is true that many of the particular facts alleged by each side differ,[5] it is also true that each side complains of the other's marketing activities in the same or

2. Stipulation (filed July 3, 1979).

3. *See Telex Corp. v. International Business Machines Corp.,* 367 F.Supp. 258, 359 (N.D.Okl. 1973) (a federal antitrust suit in which the district court applied an Oklahoma statute providing that a counterclaim is not barred by the statute of limitations unless the complaint is so barred to determine the timeliness of a counterclaim based on state law), *rev'd in part on other grounds,* 510 F.2d 894 (10th Cir. 1975), *cert. denied,* 423 U.S. 802, 96 S.Ct. 8, 46 L.Ed.2d 244 (1975).

4. Plaintiffs' complaint alleged damage to their property caused by the bursting of a dam on defendant's land. Defendant filed a third-party claim against the designer of the dam and Napili-Kai and Napili-Kai cross-claimed against the designer for indemnification. Napili-Kai's subrogee then filed the challenged claim alleging damage to Napili-Kai's property caused by the burst dam.

The subrogee argued for relation back on the grounds that the new claim was either an amended claim or a counterclaim. The Hawaii Supreme Court based its holding on an application of Haw.R.Civ.P. 15(c) (analogous to Fed.R. Civ.P. 15(c)) governing the relation back of amended claims arising from the same transaction as the original pleading.

5. OGS complains of defendants' allegedly wrongful conduct towards Gasco customers, customers solicited by OGS, and businesses dealing with OGS. Defendants counterclaim, among other things, that OGS wrongfully appropriated and misused defendants' trade secrets and attempted to limit dealings between Gasco and Chevron, the local supplier. The conspiracies alleged by each side involve different co-conspirators.

overlapping markets [6] over the same period of time [7] and faces "the common necessity of sharing the propane output of the Chevron refinery." [8] The parties are "the two major resellers of propane on Oahu during the relevant periods." [9] In light of the parties' inevitable interaction in a geographically limited one-product, one-supplier market, plaintiff reasonably could have foreseen that the filing of its complaint might generate counterclaims arising out of the general factual situation described in the complaint, though differing in particulars.[10]

Common to both the *Azada* and *Mauian Hotel* decisions is the idea that where a counterclaim arises out of the same transaction as the complaint, the repose purpose of the statute of limitations would not be served by denying relation back, for the counterclaim is no more stale than the complaint and evidentiary proof is no less available.[11] Plaintiff argues that the Court should consider, when allowing relation back, whether defendant would otherwise be time-barred entirely from the judicial arena, [12] and that even if relation back is refused here, defendants still have a timely

cause of action. Plaintiff's argument overlooks the fact that disallowance of relation back will bar entirely any cause of action which defendants may have that arises from plaintiff's marketing activities between November 4, 1973 and February 8, 1975. Furthermore, the reasoning in *Azada* and *Mauian Hotel* warrants application of the relation back rule even where defendants have a continuing cause of action that is only partially time-barred; OGS has brought the parties' market activities since November 4, 1973, into court for judicial scrutiny and should not be heard to complain that defendants' counterclaims, which arise out of those same activities, are stale due to dissipation of evidence over time.

 The courts are sharply split as to whether the filing of the complaint tolls the statute of limitations governing a compulsory counterclaim based on federal law. 3 Moore's Federal Practice ¶ 13.11, at 13–247 (2d ed. 1978). The Ninth Circuit has not spoken on the issue, although it has liberally applied the "same transaction" test for determining compulsory counterclaims.[13]

6. Defendants distribute propane throughout Hawaii, including the island of Oahu. Plaintiff distributes propane on Oahu.

7. Both sides' alleged wrongdoing, though beginning at different points in time, has continued contemporaneously to the present.

8. Defendants' Opposition to Plaintiff's Motion to Dismiss, 7 n.4 (filed April 24, 1979) [hereinafter Defendants' Memorandum].

9. *Id.*

10. It has long been recognized that even if essential facts

 are not precisely identical, or [even if] the counterclaim embraces additional allegations, . . . [it] does not matter. To hold otherwise would be to rob [the "same transaction" test] of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim.

 *Moore v. N. Y. Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926).

11. *Azada v. Carson,* 252 F.Supp. at 989 ("Statutes of limitations are statutes of repose—they are designed to bar stale claims. Where, . . . the counterclaim arises from the same incident as the complaint, the counterclaim is no more

stale than the complaint"); *Mauian Hotel v. Maui Pineapple Co.,* 52 Haw. at 566, 481 P.2d at 313 ("[A statute of limitations] precludes stale claims where the other party must gather evidence after time has dissipated memories, documents and real evidence. [Citations omitted.] With this in mind Rule 15(c) contemplates that once a party has been properly put on notice regarding what evidence to gather the statute is satisfied, regardless of when the claim itself is asserted.[3] " [Footnote omitted]).

12. In *Azada,* plaintiffs filed their suit three days before the running of the statute of limitations but did not serve defendants until three months later. If tolling of the statute had not been allowed, defendant would have been barred completely from bringing his counterclaim.

13. *Magna Pictures Corp. v. Paramount Pictures Corp.,* 265 F.Supp. 144 (C.D.Cal.1967) (citing, *inter alia, Union Paving Co. v. Downer Corp.,* 276 F.2d 468 (9th Cir. 1960)). The court of appeals in *Union Paving Co.* followed *Moore v. N. Y. Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371 (1926) (" 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship"), in

In *Magna Pictures Corporation v. Paramount Pictures Corporation,* 265 F.Supp. 144 (C.D.Cal.1967), the district court determined that a defendant's counterclaim was compulsory in a suit alleging violations of federal antitrust laws where both the complaint and the counterclaim arose out of the national marketing of two competing films on the same subject matter. The instant claim and counterclaim meet *Magna's* same transaction test, for they both arise out of competition between the parties in the same geographical market, product market and time period. Given the close relation between the claims, considerations of notice to plaintiff and availability of evidence, discussed above, warrant the application of the relation back rule to the federal counterclaim.

Defendants argue that they should be permitted to plead the allegations in their counterclaim which predate November 4, 1973,[14] in order to guard against possible later objections by OGS that it had insufficient notice of the nature of the counterclaims. Plaintiff does not take issue with defendants' contention. Defendants' argument has merit.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that the statute of limitations governing counterclaims I, II and III begins to run on November 4, 1973.

---

adopting the "logical relation" standard for determining when a counterclaim arises out of the same transaction described in the complaint.

**14.** *See FTC v. Cement Institute,* 333 U.S. 683, 705, 68 S.Ct. 793, 805, 92 L.Ed. 1010 (1948) ("[It is] well within the established judicial rule of evidence that testimony of prior or subsequent transactions, which for some reason are barred from forming the basis for a suit, may nevertheless be introduced if it tends reasonably to show the purpose and character of the particular transactions under scrutiny"). Defendants argue that if they are entitled to introduce such evidence at trial, "*a fortiori* they should be permitted to plead the earlier transactions in their counterclaims." Defendants' Memorandum, 6.