ANN M. COCHRAN, Plaintiff–Appellant, v. **PFLUEGER
AUTOMOBILES, INC.**, fka Pflueger Lincoln–Mercury, Inc.,
a Hawaii corporation doing business as Downtown Honda, and
**ROLAND RODRIGUES**, Defendants–Appellees, and
**JOHN DOES 1–10, DOE PARTNERSHIPS 1–10, DOE
CORPORATIONS 1–10, DOE GOVERNMENTAL
AGENCIES 1–10** and **DOE ENTITIES 1–10**, Defendants

NO. 15003

(CIV. NO. 88–2705)

DECEMBER 3, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY LUM, C.J.

Ann M. Cochran (Cochran), plaintiff–appellant, sustained physical injuries in a one–car accident on July 12, 1982. Cochran was a passenger in the vehicle driven by defendant–appellee Roland Rodrigues who was working for defendant–appellee Pflueger Automobiles, Inc. at the time of the accident. Cochran's medical care was paid for by the State of Hawaii's Department of Human Services (DHS). By September 2, 1982, Cochran's medical bills had exceeded $3,000.00, the applicable no–fault tort liability threshold, and DHS payments in the amount of $2,289.65 on these accounts were made to her physicians until February 8, 1983. Under the DHS regulations, the payment of these lesser amounts satisfied the obligation of payment for services rendered to Cochran by the service providers. The record on appeal reveals that on the motion for summary judgment, Cochran demonstrated subsequent claims for public assistance benefits for the same injury beginning again in November of 1986 and as late as 1990.[1]

---

[1] On a motion for reconsideration, Cochran, for the first time, alleged that she also received additional treatment in 1984 and 1985. Because these were facts which were within the personal knowledge of Cochran, we conclude that it was incumbent on her to raise them in her opposition to the motion for summary judgment. See K.M. Young & Assoc., Inc. v. Cieslik, 4 Haw. App. 657, 675 P.2d 793 (1983).

This case requires us to determine the statutory meaning of Hawaii Revised Statutes (HRS) § 294–36(b)(3), the no–fault statute of limitations for injured parties who claim public assistance benefits arising from a motor vehicle accident. We conclude that when Cochran's medical payments related to the automobile accident ceased for a period of four years, the statute of limitations had run and could not be revived by subsequent medical claims.

We therefore affirm the trial court's order granting summary judgment in favor of defendants.

## I.

Initially, we conclude that Cochran reached the applicable statutory threshold when her medical bills exceeded $3,000.00 despite the fact that DHS ultimately paid a lesser amount. HRS § 294–6 abolishes tort liability unless "[i]njury occurs to such person in a motor vehicle accident in which the amount paid or accrued exceeds the medical–rehabilitative limit" established by law. In the instant case, medical expenses were accrued in excess of the limit, but DHS paid a lesser amount. Since HRS § 294–36(b) is a remedial statute aimed at putting welfare recipients on an equal footing with other accident victims, we will not penalize public assistance recipients because DHS pays lesser amounts in payment to health care providers. Therefore we hold that, as it applies to public assistance recipients, the "amount paid or accrued" in HRS § 294–6 permits them to initiate suit when the allowable expenses accrued for medical services exceeds the threshold even though DHS may ultimately pay a lesser sum.

Cochran argues that her claim is not time–barred despite the two year gap in medical payments because those payments were reinstituted in later years because of an alleged aggravation of the original injury. This position is untenable. In 1984 the Legislature

amended HRS § 294–36 [2] to permit public assistance recipients to enjoy an extended statute of limitations like that provided for persons receiving no–fault payments. Until that time, the statutory omission of HRS § 294–36(b)(3) could be read as limiting public assistance recipients to only the two year post accident provision of the statute of limitations. *See Joshua v. M.T.L., Inc.,* 65 Haw. 623, 656 P.2d 736 (1982). In amending the law and providing that public assistance recipients could maintain a suit for two years after their last payment, the Legislature stated that its intent was to "provid[e] the same deadline for all individuals irrespective of the type of benefit they may be receiving." Hse. Stand. Comm. Rep. No. 693–84, in 1984 House Journal, at 1196. Cochran's reading of the term "last payment" to mean any payment, whenever received, would elevate public assistance recipients to a superior position. The typical no–fault benefit recipient's claim will become time–

---

[2] HRS § 294–36 reads:

**Statute of limitations.** (a) No suit shall be brought on any contract providing no–fault benefits or any contract providing optional additional coverage more than:

  (1) Two years from the date of the motor vehicle accident upon which the claim is based; or

  (2) Two years after the last payment of no–fault or optional additional benefits; or

. . . .

  (b) No suit arising out of a motor vehicle accident shall be brought in tort more than:

  (1) Two years after the date of the motor vehicle accident upon which the claim is based; or

  (2) Two years after the date of the last payment of no–fault or optional additional benefits; or

  (3) Two years after the date of the last payment of workers' compensation or public assistance benefits arising from the motor vehicle accident; whichever is the last to occur.

This section has been recodified as HRS § 431:10C–315.

barred under the statute two years after the last no–fault payment. At that time, HRS § 294–36(a) prevents the no–fault payee from initiating a suit to compel additional payments from its carrier. Thus a tortfeasor can fairly predict when a potential claim against him or her will be time–barred. Unlike a no–fault carrier, DHS will pay medical claims on behalf of its clients for as long as needed. In this regard, it does not act like a typical no–fault carrier. Therefore, Cochran is correct to say that she will never have a "last payment" from DHS related to her injury so long as she is eligible for public assistance.

However, Cochran is incorrect in asserting that her claim can therefore never be time–barred. "The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend." *Levi v. University of Hawaii Professional Assembly*, 67 Haw. 90, 93, 679 P.2d 129, 130 (1984) *quoting* 51 AM. JUR. 2D *Limitations of Actions* § 17. "[A] statute of limitations is designed to preclude a stale claim where the other party must gather evidence after time has dissipated memories, documents and real evidence." *Mauian Hotel, Inc. v. Maui Pineapple Co.*, 52 Haw. 563, 481 P.2d 310 (1971). A primary objective of Hawaii's no–fault law is to " 'expedite the settling of all claims.' " *Wiegand v. Allstate Ins. Cos.*, 68 Haw. 117, 121, 706 P.2d 16, 19 (1986). With these fundamental principles in mind, Cochran's reading of HRS § 294–36(b)(3) would lead to an irrational result, inconsistent with these fundamental principles.

We therefore conclude that the proper reading of the no–fault statute of limitations provided by HRS § 294–36(b)(3) is that when public assistance payments on an injury cease for two years, the claim becomes time–barred.

## II.

For the foregoing reasons, we affirm the lower court's order granting summary judgment in favor of defendants.

*Ken T. Kuniyuki* (Kuniyuki & Chang, of counsel) for plaintiff–appellant.

*James T. Estes* (*Karl K. Sakamoto* with him on the brief; Burke, Sakai, McPheeters, Bordner & Gilardy, of counsel) for defendant–appellee Roland Rodrigues.

*Kevin P. H. Sumida* (*Randall Y. S. Chung* and *Gary W. B. Chang* with him on the brief; Matsui, Chung & Sumida, of counsel) for defendant–appellee Pflueger Automobiles, Inc.